FRANK E. DE LONG AND THOMAS D. RICHARDSON v. THE SPRING LAKE BEACH IMPROVEMENT COMPANY.

Submitted December 5, 1901—Decided February 24, 1902.

In the declaration, in a suit for breach of warranty of title of land conveyed to the grantor of the plaintiffs, it was averred that the defendant had dedicated to public use, as a park, a part of the land described in the deed, including that afterwards attempted to be conveyed to the plaintiffs by the grantee, and that the plaintiffs, for that reason, had been ousted from an exclusive possession. A map was referred to in the first deed, but profert thereof was not made. On a map annexed to the second deed no evidence of such a dedication appeared. On demurrer to this declaration, interposed on the ground that a dedication by defendant's map worked an apparent easement that must be taken as excepted from the conveyance—*Held*—

(1) That the map was not before the court, and that the failure to produce it was cured by the averments necessarily admitted by the demurrer.

(2) That the averment of dedication must be met by a traverse or by confession and avoidance.

---

On demurrer to declaration.

The plaintiffs declare in covenant for breach of the warranty of title contained in a deed of conveyance, set forth, from the defendant to the Spring Lake and Sea Girt Company, dated December 19th, 1889, of a tract of land in the county of Monmouth, described by metes and bounds, excepting thereout such portions as had been theretofore conveyed by deeds on

record or leased by the defendant. In the description of said tract there are incidental references to avenues shown on "the map of the Spring Lake Beach Improvement Company." The *habendum* is in fee, and there are the usual covenants and warranty extending to the grantee, its successors and assigns. It is averred that on August 23d, 1892, by deed, set forth, the Spring Lake and Sea Girt Company conveyed to the plaintiff and another person, since deceased, and that the grantees entered on a plot of land known as block 41 on a "plan of lots of Spring Lake, filed in the office of the clerk of Monmouth county May 16th, 1878," a map of the plot conveyed being annexed to the deed, together with the right of using the streets and avenues shown on said plan, but reserving the soil thereof. The map annexed shows a tract bounded on the north by Passaic avenue, on the west by Fourth avenue, and otherwise by the waters of Spring Lake. *Habendum* in fee with full covenants and warranty. It is then averred that the premises conveyed by the deed last recited are a part of those conveyed by the deed first recited. It is assigned for breach of the warranty of the deed first recited that the land described in the deed of August 23d, 1892, with other lands of the defendant, had, before December 19th, 1889, been dedicated by the defendant to public use as a park and a way of access to the waters of Spring Lake, and that the owners of other lands sold and conveyed by the defendant and by the Spring Lake and Sea Girt Company and the inhabitants of the borough of Spring Lake and the public at large, then had and now have the right to enter upon said lands for pleasure, amusement, recreation and health and as a way of access to the waters of Spring lake, and that their right and title to said lands and premises are paramount, and that there has been entry, eviction and ouster of the plaintiffs, to their damage, &c.

To this declaration the defendant interposes a general demurrer.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON, COLLINS and PITNEY.

For the plaintiffs, *B. F. Haywood Shreve* and *Thomas E. French.*

For the defendant, *Joseph H. Gaskill* and *Nelson Burr Gaskill.*

The opinion of the court was delivered by

COLLINS, J.' The questions presented by the demurrant for our consideration are all based upon the assumption that the dedication complained of by the plaintiffs was created by the map referred to in the deed first set forth in the declaration, and that, therefore, the easement dedicated was an apparent one, and was, of legal necessity, excepted from the conveyance. But that map is not before us. If the declaration be defective by reason of the failure to make profert of the map, the defect is cured by the averment, necessarily admitted by the demurrer, that the plot which the Spring Lake and Sea Girt Company professed to convey to the plaintiffs and their fellow grantee is within the tract of land described in the deed given by the defendant to that company. If we assume that the map mentioned in the first deed is the "plan of lots of Spring Lake," filed May 16th, 1878, referred to in the second deed, we find, when we look at the delineation annexed to the second deed, no indication on its face that block 41 had been dedicated to any public use. The plaintiffs' case, on that hypothesis, must rest, as did their suit against the Spring Lake and Sea Girt Company, for breach of the covenants of its deed, upon a dedication arising from user, representations or other matter *in pais* collateral to the map. *De Long* v. *Spring Lake and Sea Girt Co.*, 36 *Vroom* 1. The averment of a dedication, of which there is no constructive notice of record, must be met by a traverse or by confession and avoidance.

The demurrer will be overruled.